IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GREGORY A. BARRY, §
TDCJ #1839010, §
 §
   Petitioner, §
 §
v. §
 § CIVIL ACTION NO. H-18-1200
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
   Respondent. §

## MEMORANDUM OPINION AND ORDER

Gregory A. Barry (TDCJ #1839010) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge two convictions entered against him in 2013. Respondent Lorie Davis has answered with a Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 10), arguing that the Petition is barred by the governing one-year statute of limitations. Barry has filed Petitioner's Motion in Opposition to Respondent's MSJ ("Petitioner's Opposition") (Docket Entry No. 19). After considering the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background and Procedural History

In 2012 a grand jury in Harris County, Texas, returned an indictment against Barry in case number 1344187, charging him with aggravated robbery with a deadly weapon, a firearm.[1] The indictment was enhanced for purposes of punishment as a habitual offender with allegations that Barry had at least two prior felony convictions.[2] The grand jury returned a separate indictment against Barry in case number 1344186, charging him with possession of a firearm as a previously convicted felon.[3] On February 11, 2013, Barry entered a guilty plea to both indictments in the 232nd District Court of Harris County. The court found Barry guilty as charged and sentenced him to concurrent terms of 35 years' imprisonment in each case.[4] Having waived the right to do so by pleading guilty,[5] Barry did not pursue an appeal.

On January 8, 2014, Barry executed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under

---

[1]See Indictment, Docket Entry No. 11-2, p. 78. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Id.

[3]See Indictment, Docket Entry No. 11-4, p. 82.

[4]Judgment of Conviction by Court (No. 1344187), Docket Entry No. 11-2, p. 81; Judgment of Conviction by Court (No. 1344186), Docket Entry No. 11-4, p 85.

[5]Defendant's Representations to the Court (No. 1344187), Docket Entry No. 11-2, p. 76; Defendant's Representations to the Court (No. 1344186), Docket Entry No. 11-4, p. 80.

Code of Criminal Procedure, Article 11.07 ("Application") to challenge the convictions entered against him in case numbers 1344186 and 1344187.[6] In those Applications, which are nearly identical, Barry raised the following arguments:

1. He was denied effective assistance of counsel because his attorney failed to warn him about the consequences of his guilty plea with respect to parole eligibility.

2. His guilty plea was coerced by fear tactics.

3. His indictments for aggravated robbery with a deadly weapon and felon in possession of a firearm violated Double Jeopardy.

4. His attorney knew that he was under psychiatric care for chronic anxiety attacks and depression, but failed to advise him of a possible insanity defense or request a referral to a mental health court.[7]

After considering an affidavit from Barry's defense counsel,[8] the trial court entered findings of fact and concluded that Barry was not entitled to relief.[9] The Texas Court of Criminal Appeals

---

[6]Application (No. 1344187-A), Docket Entry No. 11-2, p. 22; Application (No. 1344186-A), Docket Entry No. 11-4, p. 22.

[7]Application (No. 1344187-A), Docket Entry No. 11-2, pp. 11-17; Application (No. 1344186-A), Docket Entry No. 11-4, pp. 11-17.

[8]Affidavit of John M. Petruzzi, Docket Entry No. 11-2, pp. 58-59; Affidavit of John M. Petruzzi, Docket Entry No. 11-4, pp. 62-63.

[9]State's Proposed Findings of Fact, Conclusions of Law and Order on Application No. 1344187-A, Docket Entry No. 11-2, pp. 62-68; State's Proposed Findings of Fact, Conclusions of Law, and Order on Application No. 1344186-A, Docket Entry No. 11-4, pp. 66-72.

agreed and summarily denied relief without a written order on November 12, 2014.[10]

On March 13, 2017, Barry executed two additional state habeas corpus Applications to challenge the convictions entered against him in case numbers 1344186 and 1344187.[11] In those Applications Barry argued that he was entitled to relief because his defense attorney failed to file a motion for a competency hearing.[12] The state habeas corpus court found that the Applications were subject to dismissal under Article 11.07 § 4(a) of the Texas Code of Criminal Procedure, which prohibits abuse of the writ, because the claim asserted could have been presented previously in his first set of state habeas Applications.[13] The Texas Court of Criminal Appeals reached the same conclusion and summarily dismissed both Applications on June 21, 2017.[14]

On April 10, 2018, Barry submitted the pending Petition for federal habeas corpus relief under 28 U.S.C. § 2254 from his state

---

[10]Action Taken on Writ No. 82,347-01, Docket Entry No. 11-1; Action Taken on Writ No. 82,347-02, Docket Entry No. 11-3.

[11]Application (No. 1344186-B), Docket Entry No. 11-7, p. 20; Application (No. 1344187-B), Docket Entry No. 11-11, p. 21.

[12]Application (No. 1344186-B), Docket Entry No. 11-7, p. 10; Application (No. 1344187-B), Docket Entry No. 11-11, p. 10.

[13]State's Proposed Findings of Fact, Conclusions of Law and Order on Application No. 1344186-B, Docket Entry No. 11-8, pp. 18-20; State's Proposed Findings of Fact, Conclusions of Law and Order on Application No. 1344187-B, Docket Entry No. 11-12, pp. 15-17.

[14]Action Taken on Writ No. 82,347-03, Docket Entry No. 11-5; Action Taken on Writ No. 82,347-04, Docket Entry No. 11-9.

court convictions in case numbers 1344186 and 1344187.[15] He asserts essentially the same grounds for relief that were raised in both his first and second set of state habeas corpus Applications.[16] The respondent argues that the Petition must be dismissed as barred by the governing one-year statute of limitations on federal habeas corpus review.[17]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[15]The Petition was received for filing on April 16, 2018, but Barry certified that he placed it in the prison mailing system for delivery to the court on April 10, 2018. See Petition, Docket Entry No. 1, p. 10. Thus, the Petition is considered filed as of April 10, 2018, under the prison mailbox rule. See Houston v. Lack, 108 S. Ct. 2379, 2382-83 (1988).

[16]Petition, Docket Entry No. 1, pp. 6-7.

[17]Respondent's MSJ, Docket Entry No. 10, pp. 4-7.

-5-

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). To the extent that Barry challenges a pair of state court judgments entered on February 11, 2013, the limitations period began to run pursuant to § 2244(d)(1)(A) no later than March 13, 2013, when his time to pursue a direct appeal expired.[18] See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (observing that a conviction becomes final for purposes of § 2244(d)(1)(A) "when the time for seeking further direct review in the state court expires"). That date triggered the statute of limitations, which expired one year later on March 13, 2014. As a result, the pending Petition that was submitted for filing on April 10, 2018, is barred by the statute of limitations unless a statutory or equitable exception applies.

B. **The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. The first set of

---

[18]Although Barry waived his right to appeal by pleading guilty, a Texas criminal defendant has 30 days to file a motion for new trial or notice of appeal. See TEX. R. APP. P. 26.2(a)(1).

state habeas corpus Applications that were filed by Barry on January 8, 2014, and denied on November 12, 2014, tolled the limitations period for a total of 309 days, which extended his deadline to seek federal review until January 16, 2015. The second set of state habeas corpus Applications that Barry submitted on March 13, 2017, do not toll the statute of limitations because they were filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). The Petition filed on April 10, 2018, was untimely by more than three years and must therefore be dismissed unless Barry establishes that some other statutory or equitable basis exists to excuse his failure to comply with the statute of limitations on federal habeas review.

**C. There is No Other Basis for Statutory or Equitable Tolling**

Barry does not demonstrate that there is any other statutory basis to toll the limitations period. Barry does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

Barry appears to argue that his delay should be excused for equitable reasons because he lacked access to his property and legal records between December 6, 2017, and March 29, 2018, when he was transferred to a different prison unit to receive medical care.[19] Pointing further to his status as pro se prisoner, Barry also contends that his delay should be excused because his attorney refused to provide him with any "work product" after Barry filed a grievance against him with the State Bar of Texas.[20] When Barry did receive his file, the only records provided to him by his defense counsel were the police report and some medical documents.[21] In support of that argument, Barry provides some correspondence associated with his grievance and several requests that he made for records,[22] one of which was submitted by another attorney who was helping him on a pro bono basis to obtain records from the trial court on January 4, 2015.[23]

Although the exhibits provided by Barry show that he made some effort to obtain documents from his defense counsel in 2014, Barry does not allege facts or show that he took any other steps to

---

[19]Petition, Docket Entry No. 1, p. 9.

[20]Petitioner's Opposition, Docket Entry No. 19, p. 2.

[21]Id.

[22]Exhibits to Petitioner's Opposition, Docket Entry No. 19-1, pp. 1-30.

[23]See Letter from Robert N. Virden, Docket Entry No. 19-1, p. 3.

promptly pursue federal habeas corpus review before the statute of limitations expired on January 16, 2015. Instead, the record shows that he waited until March 13, 2017, to file two additional Applications for state habeas relief, which the Texas Court of Criminal Appeals summarily denied on June 21, 2017. Barry offers no explanation for why he then waited nearly 10 more months to file his federal Petition on April 10, 2018. The Fifth Circuit has repeatedly held that "[e]quity is not intended for those who sleep on their rights." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (internal quotation marks omitted) (citing Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010); and In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)).

Barry has not otherwise shown he pursued federal review of his claims with the requisite due diligence or that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). To the extent that Barry points to his status as a pro se prisoner, it is settled that a petitioner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Likewise, to the extent that Barry blames his delay on lack of access to records, the Fifth Circuit has held that a habeas corpus

petitioner is not entitled to an extended delay while he gathers every possible scrap of evidence that might support his claim. See Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998). Lack of access to legal documents and records by an inmate does not present an "exceptional circumstance" that would warrant equitable tolling. See Roughley v. Cockrell, 45 F. App'x 326, 2002 WL 1899622, at *1 (5th Cir. July 12, 2002) (per curiam) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); Cofer v. Johnson, 226 F.3d 643, 2000 WL 1029201, at *1 (5th Cir. July 14, 2000) (per curiam) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); Kiser v. Dretke, No. 4:04-CV-0494, 2004 WL 2331592, at *2 (N.D. Tex. 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling."). Under these circumstances, equitable tolling is not available to preserve federal review.

Because Barry fails to establish that an exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability sua sponte without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED,** and the Motion in

Opposition filed by petitioner Gregory A. Barry (Docket Entry No. 19) is **DENIED**.

2. Barry's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 7th day of December, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE